UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Bolero,

          Plaintiff

v.

Amanda Jean McCarley,

          Defendant

Case No. 2:24-cv-001761-NJK

**Order Reassigning Case**

Defendant Amanda McCarley initiated eight separate lawsuits against defendants Bolero Apartments, Viking Villas, LLC, Stout Insurance Company, LLC, and Stout Management Company, LLC. Because the cases involved common questions of law and facts, the district judges and magistrate judges assigned to these cases determined that consolidation under Federal Rule of Civil Procedure 42(a) was appropriate. Order, ECF No. 5 in *McCarley v. Stout Insurance Company, LLC, et al.*, Case no. 2:24-cv- 01697-CDS-MDC". Seven of McCarley's cases were consolidated.[1] *Id.* McCarley's eighth suit is an eviction action that was initiated by Bolero against McCarley in Las Vegas Justice Court. ECF No. 1-1 at 5–9. McCarley removed that action to this court on September 19, 2024. ECF No. 1.

This court is ultimately one of limited jurisdiction. "Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). It is unclear at this stage whether or how this court has subject-matter jurisdiction over McCarley's apparent landlord-tenant dispute because matters of landlord-tenant law arise under state law. *See, e.g., Los Cabos 1 v. Ross*, 2016 U.S. Dist. LEXIS 182962, 2016 WL 8114129, at *2 (D. Nev. Oct. 14, 2016) (explaining that the Court lacked

---

[1] Case Nos. 2:24-cv-01693-MDC; 2:24-cv-01698-JAD-NJK; 2:24-cv-01706-CDS-MDC; 2:24-cv-01707-GMN-NJK; 2:24-cv-01710-JAD-MDC; and 2:24-cv-01722-JAD-BNW, were consolidated with Case No. 2:24-cv-01697-CDS-MDC, serving as the lead case.

jurisdiction over alleged eviction-related due process violations "[b]ecause landlord-tenant disputes are matters of state law they cannot form the basis for federal question jurisdiction."); *see also Evans v. Sentry Prop. Mgmt. Corp.*, 852 F. Supp. 71, 72 (D. Mass. 1994) (granting defendants motion to remand because "plaintiff's [c]omplaint is based solely on alleged violations of state landlord/tenant law.") "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Further, although magistrate judges may hear and determine any pretrial matter before the court, dispositive matters are reserved for district judges. 28 U.S.C. § 636(b)(1)(A). Because subject-matter jurisdiction over McCarley's landlord-tenant dispute must be established, which may ultimately be dispositive, in the exercise of my discretion, this action is transfer and reassigned.

## Conclusion

IT IS THEREFORE ORDERED, in the exercise of my discretion, that Case No. 2:24-cv-001761-NJK is transferred and reassigned to District Judge Cristina D. Silva and Magistrate Judge Maximiliano D. Couvillier, III.

Dated: October 23, 2024

_____  
Cristina D. Silva  
United States District Judge

_____  
Nancy J. Koppe  
United States Magistrate Judge

_____  
Maximiliano D. Couvillier, III  
United States Magistrate Judge

2