UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Bolero,<br><br>              Plaintiff<br><br>v.<br><br>Amanda Jean McCarley,<br><br>              Defendant | Case No. 2:24-cv-01761-CDS-MDC<br><br>**Order Remanding to Las Vegas Justice Court and Denying Motions as Moot**<br><br>[ECF Nos. 1, 12, 15, 16] |

This is an eviction action that originated in Las Vegas Justice Court between plaintiff Bolero and defendant Amanda McCarley, who removed it to this court on September 19, 2024. ECF No. 1-1. McCarley asserts that this court has federal-question jurisdiction and diversity jurisdiction. *Id.* at 2. McCarley has filed a motion for hearing,[1] however I find this matter suitable for disposition without a hearing. Fed. R. Civ. P. 78; Local Rule 78-1. Because this is a simple summary-eviction matter, the court has determined that there is no subject-matter jurisdiction, so the case is remanded to the Las Vegas Justice Court for further proceedings.

**I.    Discussion**

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction falls to the party invoking the statute. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."). A federal court must have subject matter jurisdiction to properly adjudicate a dispute. *See Osijo v. Golden Gate Univ.*, 932 F.2d 973 (9th Cir. 1991) (citing U.S. Const. art. III, § 2). If a court determines it lacks subject matter jurisdiction

---

[1] McCarley filed a duplicate of this motion the same day titled "affidavit and memorandum of law." ECF No. 13.

over a removed action at any stage of the proceedings, it must remand the action. *See Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary."); *see* 28 U.S.C.S. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### A. Federal question jurisdiction

There is no federal-question jurisdiction over this action. United States District Courts have original federal-question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, McCarley is attempting to remove this case to federal court based on federal question jurisdiction by alleging in her notice of removal that federal-question jurisdiction exists because "[t]his action involves substantial questions of federal law, including copyright infringement under 17 U.S. Code § 501 . . ." ECF No. 1-1 at 2. In McCarley's statement regarding removal (ECF No. 6), she further alleges that Bolero engaged in copyright infringement through the "unauthorized use of [her] legally protected name" "to collect money and conduct various transactions without [her] consent[.]" *Id.* These assertions do not create a federal question for jurisdictional purposes. Based on the eviction notice for failure to pay rent and affidavit in opposition to summary eviction attached to McCarley's notice of removal (ECF No. 1-1 at 5–9), this is a landlord–tenant dispute arising entirely under state law. McCarley's mere references to federal law cannot create a federal question that gives this court jurisdiction.

### B. Diversity jurisdiction

This court also lacks diversity jurisdiction over this case. Diversity jurisdiction requires complete diversity of citizenship between the parties. 28 U.S.C. § 1332; *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). This means that diversity jurisdiction does not

exist where any plaintiff is a citizen of the same state as any defendant. Here, McCarley states that she and Bolero "are citizens of different states, and the amount in controversy exceeds $75,000," ECF No. 6 at 2, but the citizenship attributed to the Bolero apartment complex is unclear and this statement alone is insufficient to establish diversity of citizenship.

Further, federal courts have diversity jurisdiction when there is "complete diversity among the parties **and** an amount in controversy in excess of $75,000." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018) (citing 28 U.S.C. § 1441(a)) (emphasis added). Thus, when removing a case to federal court based on diversity jurisdiction, a defendant must "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, 'the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" *Id.* at 416 (quoting *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)). In McCarley's statement regarding removal, she alleges that the amount in controversy exceeds $75,000 due to her counterclaims for "damages sought from [Bolero's] unauthorized use of [her] legal name, alongside the breach of contract claims." ECF No. 6 at 2. However, in a diversity case, the amount in controversy should be derived from the complaint itself. *See Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986) ("The amount in controversy is normally determined from the face of the pleadings."). I agree with the position that a counterclaim cannot be used to satisfy the amount in controversy requirement to establish removal jurisdiction in this case. Indeed, federal jurisdiction may not be based on a claim raised as a defense or a counterclaim, whether actual or anticipated. *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir. 1985) (holding federal question jurisdiction does not arise from defenses or counterclaims alleged by defendant). The allegations in the removal documents fail to satisfy the requirement of diversity jurisdiction.

II.  Conclusion

Due to lack of subject-matter jurisdiction, the court must remand this action. It is therefore ordered that McCarley's application to proceed in forma pauperis [ECF No. 1], motion for hearing [ECF No. 12], motion for sanctions [ECF No. 15], motion for sanctions and default judgment [ECF No. 16] are DENIED as moot.

The Clerk of Court is kindly directed to remand this action (Case No. 24E030749 and Case No. 24E036894) to the Las Vegas Justice Court, LVJC Civil Evictions and to close this case. No other documents may be filed in this now-closed case.

Dated: November 13, 2024

_____
Cristina D. Silva
United States District Judge