# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Bolero, | Case No. 2:24-cv-01761-CDS-MDC |
| Plaintiff | **Order Denying Defendant's Motion to Reopen Case and Request for Hearing, and Striking Rogue Filings** |
| v. | |
| Amanda McCarley, | [ECF Nos. 18, 19, 20, 21] |
| Defendant | |

Pro se defendant Amanda McCarley filed a motion to reopen this case (ECF No. 18), which I construe as a motion for reconsideration of my order remanding this action to Las Vegas Justice Court (ECF No. 17).[1] The same day, McCarley filed a second application to proceed *in forma pauperis* (IFP) (ECF No. 19), a notice of bankruptcy (ECF No. 20), and a response to my remand order (ECF No. 21). For the reasons set forth here, I deny the motion for reconsideration and IFP application, and strike the rogue filings.

## I. Legal Standard

Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and internal quotation marks omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). A motion to reconsider must provide a court with valid grounds for reconsideration. Valid grounds include showing some valid reason why the court should reconsider its prior decision and setting forth facts or law of a strongly convincing nature to

---

[1] I find this matter suitable for disposition without a hearing. Fed. R. Civ. P. 78; Local Rule 78-1.

persuade the court to reverse its prior decision. *See Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)).

The Ninth Circuit directs courts "to make reasonable allowances for pro se litigants and to read pro se papers liberally." *McCabe v. Arave*, 827 F.2d 634, 640 (9th Cir. 1987). This district's local rules regarding civil cases require that any motion for reconsideration "must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." LR 59-1(a).

## II. Discussion

McCarley's motion fails to show that reconsideration of my previous order is warranted. She does not proffer any newly discovered evidence, demonstrate that I committed clear error, nor show that there was an intervening change in the controlling law that would warrant reconsideration of my prior decision. It appears McCarley misapprehends the applicable standard for establishing federal jurisdiction. In her motion, McCarley argues that she is requesting a hearing to demonstrate tax-violations and other financial misconduct. Mot., ECF No. 18 at 1, 3. But, what McCarley is alleging is not relevant to this court's determination regarding subject matter jurisdiction. "As a general rule, federal question jurisdiction is based on the specific law on which plaintiff bases its complaint. The well-established rule under 28 U.S.C. § 1331 requires that a federal question 'must be disclosed upon the face of the complaint, unaided by the answer…and 'the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.'" *U.S. Bank Nat. Ass'n ND v. Strand*, 243 F. Supp. 2d 1139, 1141 (D. Or. 2002) (quoting *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974)). No exception to this rule applies here. Consequently, McCarley's motion for reconsideration is denied.

McCarley also filed additional documents in this closed action, specifically, a notice of bankruptcy and a response to my order remanding this action to the Las Vegas Justice Court. ECF No. 20; ECF No. 21. These are considered rogue and stricken from the record. *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (the district court has inherent authority to strike improper filings "to promulgate and enforce rules for the management of litigation").

### III.  Conclusion

IT IS THEREFORE ORDERED that McCarley's motion to reopen, which I have construed as a motion for reconsideration [ECF No. 18] is DENIED.

IT IS FURTHER ORDERED that McCarley's second motion for leave to proceed *in forma pauperis* [ECF No. 19] is DENIED as moot.[2]

IT IS FURTHER ORDERED that the notice of bankruptcy [ECF No. 20] and response [ECF No. 21] are STRICKEN.

McCarley is again reminded that this matter is closed and therefore she may not file any documents in this case.

Date: November 19, 2024

_____
Cristina D. Silva
United States District Judge

---

[2] This motion is moot because this case is closed.

3